**STATE of Minnesota, Respondent,**

v.

**Steven M. HANSON, Appellant.**

**No. C3–92–2329.**

Supreme Court of Minnesota.

Aug. 16, 1993.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED (1) that the petition of the State of Minnesota for further review of the decision of the court of appeals be, and the same is, granted and (2) that the decision of the court of appeals, 501 N.W.2d 677, is reversed and the judgment of conviction of driving with a blood alcohol concentration of .10 or more is reinstated.

The court of appeals based the reversal of defendant's conviction on its conclusion that the chemical test results were the suppressible fruit of an unlawful stop or "seizure" of defendant. The court of appeals in effect held that if a police officer sees a car stopped on the shoulder of a highway at night and, with no reason to suspect criminal activity, drives up behind the car in order to see if the driver needs help, the use by the officer of his or her flashing red lights, even to warn oncoming motorists, will turn the encounter into a Fourth Amendment seizure and any evidence discovered—drunkenness of the driver, dead body in open view in the back seat,

etc.—will be the suppressible fruit of the unjustified "stop."

■ Under the so-called *Mendenhall/Royer* approach [1] which we follow in determining whether a "seizure" has occurred—*see In the Matter of the Welfare of E.D.J.*, 502 N.W.2d 779 (Minn., 1993)—the question to be asked by the reviewing court is whether, looking at all of the facts, the conduct of the police would communicate to a reasonable person in the defendant's physical circumstances an attempt by the police to capture or seize or otherwise to significantly intrude on the person's freedom of movement. *See Michigan v. Chesternut*, 486 U.S. 567, 572–75, 108 S.Ct. 1975, 1978–80, 100 L.Ed.2d 565 (1988).

The problem with the court of appeals' decision is that it in effect says that *whenever* an officer turns on the squad car's flashing red lights before getting out and approaching an already stopped car, the officer turns the encounter into a seizure. It may be that in many fact situations the officer's use of the flashing lights likely would signal to a reasonable person that the officer is attempting to seize the person for investigative purposes. In this case, however, under all the facts, the officer's conduct would not have communicated to a reasonable person in these physical circumstances that the officer was attempting to seize the person. A reasonable person would have assumed that the officer was not doing anything other than checking to see what was going on and to offer help if needed. A reasonable person in such a situation would not be surprised at the use of the flashing lights. It was dark out and the cars were on the shoulder of the highway far from any town. A reasonable person would know that while flashing lights may be used as a show of authority, they also serve other purposes, including warning oncoming motorists in such a situation to be careful.

Accordingly, we reverse the court of appeals' decision and reinstate defendant's conviction.

---

**1.** *See United States v. Mendenhall*, 446 U.S. 544, 554–55, 100 S.Ct. 1870, 1877–78, 64 L.Ed.2d 497 (1980), and *Florida v. Royer*, 460 U.S. 491, 501, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983).