893 P.2d 811

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Debra Lee WALDIE, Defendant–Appellant.**

**No. 20732.**

Court of Appeals of Idaho.

March 10, 1995.

Petition for Review Denied May 11, 1995.

Bruce H. Greene, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

LANSING, Judge.

Debra Lee Waldie pleaded guilty to felony driving under the influence, I.C. §§ 18–8004, 18–8005(3). She reserved the right to appeal the district court's denial of her motion to suppress evidence that she contends was the product of her illegal detention by a patrol officer. We affirm the district court's denial of the motion to suppress evidence.

## I. FACTS

The circumstances leading to Waldie's arrest were described as follows at a hearing on the motion to suppress. On May 17, 1992, at approximately 11:30 p.m., a patrol officer observed a vehicle ahead of him which, according to his testimony, was "driving at an inconsistent speed and shifting from side to side in it's own lane." Waldie was the driver of the vehicle. As the officer followed for a short distance, the speed of Waldie's automobile varied between thirty-five and fifty miles per hour on a road where the posted speed limit was fifty-five miles per hour. Soon after the officer began his observation, Waldie's vehicle turned into a field and came to a stop. The vehicle's lights were then turned off. The officer stopped nearby but stayed on the shoulder of the road, and turned on the blue and red overhead lights of his patrol car "as basically a safety factor."

While the officer was still in his automobile, using his radio to request a records check of the vehicle's license plate number, Waldie exited her automobile and walked to the patrol car. She told the officer that she had just finished her work shift and had stopped to rest after becoming fatigued but that she was okay. The officer then detected an odor of alcohol and noticed that Waldie's eyes were glassy. When asked if she had been drinking, Waldie admitted to the officer that she had consumed a couple of beers. The officer then asked Waldie to take a breath test on a portable alco-sensor. Waldie complied, and the test result indicated a blood alcohol concentration of .172. Waldie was then arrested.

Waldie filed a motion to "suppress all the evidence gathered herein on the grounds that the warrantless stop of the Defendant and her vehicle was lacking in adequate cause...." Although Waldie stopped her vehicle voluntarily and without any compulsion by the patrolman, she contended that she was seized thereafter when the patrolman activated the overhead lights on his patrol car. She argued that this seizure was violative of the Fourth Amendment because the officer's observations at that point did not justify a reasonable suspicion that Waldie was engaged in criminal conduct.

Following an evidentiary hearing, the district court held there had been no reasonable suspicion of criminal activity to justify a traffic stop because no violation of the law had been observed by the officer. The court also concluded, however, that Waldie's constitutional rights were not violated because Waldie had not been seized by the officer when she stopped her vehicle and then walked to the patrol car. Waldie's motion to suppress was, accordingly, denied.

Waldie thereafter entered a conditional plea of guilty to felony driving under the influence, I.C. §§ 18–8004, 18–8005(3), reserving her right to appeal the district court's denial of the motion to suppress.

## II. ANALYSIS

■ The disposition of motions to suppress evidence for violation of constitutional rights present mixed questions of fact and law. Here, the facts material to the issues raised on appeal are not in dispute. Therefore, we exercise free review in determining whether constitutional requirements have been satisfied in light of the facts presented.

*State v. Jordan,* 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct.App.1992); *State v. Ramirez,* 121 Idaho 319, 321, 824 P.2d 894, 896 (Ct.App. 1991).

Waldie does not dispute that the officer had probable cause to arrest her for DUI once he detected the odor of alcohol on her breath and administered the breath test. However, Waldie contends the evidence which supported the arrest must be suppressed because it was the product of an unconstitutional seizure that occurred earlier when the officer brought his car to a stop near Waldie's vehicle and activated the overhead red and blue lights.

A person is "seized" within the meaning of the Fourth Amendment if, in view of all the circumstances, a reasonable person would have believed that she was not free to leave. *INS v. Delgado,* 466 U.S. 210, 215, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984); *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *State v. Jordan,* 122 Idaho 771, 773, 839 P.2d 38, 40 (Ct.App.1992); *State v. Osborne,* 121 Idaho 520, 524, 826 P.2d 481, 485 (Ct.App.1991). Waldie maintains that she was seized by activation of the patrol car's emergency lights because by terms of I.C. § 49–625, drivers must yield to emergency vehicles operating emergency flashing lights, and under I.C. §§ 49–1404 and 18–705, she would have been guilty of a misdemeanor if she had attempted to drive away after the officer turned on his overhead lights.

The State counters that: (1) the activation of the patrol car's overhead lights did not constitute a seizure, and thus the Fourth Amendment was not implicated, and (2) even if there was a seizure it was justified based upon a reasonable suspicion of criminal activity. We find it unnecessary to determine whether activation of the patrol car's emergency lights was a show of authority that effectuated a seizure, for assuming that Waldie was "seized" at that time, such seizure was justified based upon the information then known to the officer.

Whenever a police officer approaches an individual and restrains his or her freedom to leave, even briefly, the officer has "seized" that person. *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968); *Matter of Clayton,* 113 Idaho 817, 819, 748 P.2d 401, 403 (1988). However, such a seizure which falls short of a formal arrest is permissible under the Fourth Amendment to the United States Constitution if it is reasonable. *Terry, supra; United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2578–79, 45 L.Ed.2d 607 (1975).

The purpose of the Fourth Amendment's strictures is to impose a standard of reasonableness upon the exercise of discretion by government agents, and thereby safeguard the citizenry's privacy and security against arbitrary invasions. *Delaware v. Prouse,* 440 U.S. 648, 653–54, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979). As the United States Supreme Court explained in *Terry,* 392 U.S. at 20–22, 88 S.Ct. at 1879–80:

> In order to assess the reasonableness of [a police officer's] conduct as a general proposition, it is necessary "first to focus upon the governmental interest which allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen," for there is "no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails." *Camara v. Municipal Court,* 387 U.S. 523, 534–35, 536–537, [87 S.Ct. 1727, 1735, 1735, 18 L.Ed.2d 930] (1967). And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.... And in making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?

When the justification for an investigatory stop is suspicion of criminal activity, it must be based upon specific articulable facts which warrant a suspicion that the person stopped has been or is about to be en-

gaged in criminal activity. *Brignoni–Ponce,* 422 U.S. at 884, 95 S.Ct. at 2581–82; *State v. Rawlings,* 121 Idaho 930, 932, 829 P.2d 520, 522 (1992); *State v. Fry,* 122 Idaho 100, 103, 831 P.2d 942, 945 (Ct.App.1991); *Mason v. State Department of Law Enforcement,* 103 Idaho 748, 750, 653 P.2d 803, 805 (Ct.App. 1982). However, suspicion of criminal activity is not the sole basis that may justify a limited detention. Rather, the constitutional standard is whether the intrusive action of the police was reasonable in view of all of the surrounding circumstances. *See, e.g., State v. Godwin,* 121 Idaho 491, 826 P.2d 452 (1991).

We conclude that the actions of the officer here were reasonable, even assuming that this conduct amounted to a "seizure" affecting Fourth Amendment interests. The officer testified that Waldie's car was varying in speed from thirty-five to fifty miles per hour in a fifty-five mile per hour zone and was shifting from side to side in its own lane. After operating the car in this unusual manner, the driver, late at night, drove the car off the highway, brought the vehicle to a stop in a field and turned off the lights. While this observed conduct may not have amounted to a violation of the law that would have given the patrolman probable cause to arrest Waldie,[1] it certainly was not common conduct normally expected of drivers. These observations were sufficient to create a reasonable belief that the vehicle's driver was either intoxicated and attempting to evade the patrol car by leaving the highway, or was experiencing some difficulty, such as illness, for which assistance might be needed. The officer's decision to stop and investigate was prudent and reasonable. Hence, assuming the activation of the patrol car's overhead red and blue lights effectuated a seizure by conveying to Waldie that she was not free to leave, such seizure was reasonable and constitutionally permissible.

We conclude that Waldie's motion to suppress evidence was properly denied, although we base our decision on grounds other than those expressed by the district court. The district court's order denying the motion to suppress evidence and the judgment of conviction are affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

1. Contrary to the district court's holding, a reasonable suspicion that will justify a *Terry* stop of a vehicle does not require direct observation of a traffic violation. Such an observation might be necessary to establish probable cause to *arrest* the driver, but probable cause is a more rigorous standard than is required to constitutionally justify a *Terry* stop. *Terry,* 392 U.S. at 22, 88 S.Ct. at 1880; *Rawlings,* 121 Idaho at 932, 829 P.2d at 522 (1992); *State v. Johns,* 112 Idaho 873, 876, 736 P.2d 1327, 1330 (1987). As noted above, it is conceded that probable cause for Waldie's arrest was established after Waldie exited her car, spoke with the officer and failed a breath test.