947 P.2d 1000

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Jeff D. WIXOM, Defendant–Respondent.**

No. 22972.

Supreme Court of Idaho,
Boise, September 1997 Term.

Oct. 30, 1997.

Alan G. Lance, Attorney General, J. Scott James and Michael A. Henderson (argued), Deputy Attorneys General, Boise, for appellant.

Gary J. Jensen, Preston, for respondent.

TROUT, Chief Justice.

Jeff D. Wixom was arrested and charged with felony driving under the influence (DUI) and felony driving without privileges. Wixom filed a motion to suppress evidence obtained following the stop of a pickup in which he was a passenger, claiming the stop violated his Fourth Amendment rights. The dis-

trict court granted Wixom's motion and suppressed the evidence.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

Just before midnight on February 15, 1996, respondent Jeff D. Wixom was involved in a single-car accident. Wixom's car struck a mailbox and then went through a fence and into a field. A neighbor reported the accident to Bear Lake County police dispatch who sent Deputy Chad Ludwig to the scene. Upon arrival, Deputy Ludwig observed the car in the field. He first went to the house of the person reporting the accident. The resident confirmed that she had reported the accident, but had no additional information.

Deputy Ludwig returned to the accident scene and ran a check on the license plate number of the car. He found that the car was registered to Wixom's wife and another person. Deputy Ludwig next approached the car and saw that it was unoccupied. He did, however, observe two twelve-packs of beer and some empty beer cans in the car. He opened the car door to confirm that no one was inside and detected the odor of alcohol. He did not see any blood in the car, but did find footprints leading from the car to the road. Deputy Ludwig then went to a second nearby house to ask if anyone had information about the accident. The residents of the house responded that they had no information.

Deputy Ludwig returned to his car and called dispatch to request that Officer Rex Skinner of the Idaho State Police be summoned to help in the accident investigation. While waiting for Officer Skinner to arrive, Deputy Ludwig observed a pickup truck approaching from the opposite direction. Deputy Ludwig testified that the vehicle was doing nothing suspicious, but may have been traveling more slowly than usual. After the vehicle had passed, Deputy Ludwig turned his car around and stopped the pickup using his overhead lights. Deputy Ludwig testified that the purpose of the stop was to learn if the occupants of the pickup had any information regarding the accident. Prior to the pickup passing, Deputy Ludwig had been sitting in his car on the side of the road with his warning lights on and his "take-down" light shining on the car in the field.

Wixom was a passenger in the pickup. Deputy Ludwig asked Wixom if the car in the field was his. Wixom answered that it was, but contended that his wife had been driving. Deputy Ludwig noticed alcohol on Wixom's breath and that Wixom's speech was slurred. Wixom, Deputy Ludwig and the pickup driver returned to the scene of the accident about the time that Officer Skinner arrived. Wixom repeated his story about his wife driving the car to Officer Skinner. Based on the timing, Officer Skinner thought Wixom's story implausible and suggested they question Wixom's wife. At this point, Wixom admitted to being the driver of the car. Skinner arrested Wixom for DUI and drove him to city hall where he conducted field sobriety and intoxilyzer tests. The results of the intoxilyzer test indicated a blood alcohol concentration above the legal limit.

Wixom was charged with felony DUI and driving without privileges and was bound over to district court. Wixom filed a motion to suppress the evidence obtained following the stop of the pickup, contending that the stop violated the Fourth Amendment. The State argued that Deputy Ludwig's actions were reasonable as part of his community caretaking function and the need to locate witnesses to the accident. After a hearing, the district court granted Wixom's motion to suppress. The State timely appealed.

## II.

## STANDARD OF REVIEW

■ In reviewing a motion to suppress evidence, the trial court's findings of fact are overturned only if not supported by substantial evidence; however, this Court exercises free review over the determination of whether the constitutional requirements have been met. *State v. Weber*, 116 Idaho 449, 452, 776 P.2d 458, 460–61 (1989).

## III.

## COMMUNITY CARETAKING FUNCTION

■ We begin by noting that the Fourth Amendment to the United States Constitu-

tion prohibits unreasonable searches and seizures by government officials. Whenever an officer detains a person, however briefly, a seizure has taken place. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such a seizure, however, does not violate the Fourth Amendment if, in light of the circumstances, the actions of the government officials are found to be reasonable. *United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2578–79, 45 L.Ed.2d 607, 614 (1975). For example, a brief stop of an individual suspected of criminal activity in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be reasonable in light of the facts known to the officer at the time. *Terry,* 392 U.S. at 21–22, 88 S.Ct. at 1879–80, 20 L.Ed.2d at 905–07. In this case, however, the State admits that Deputy Ludwig did not have a reasonable suspicion that the persons in the pickup were involved in any criminal activity; so the holding in *Terry* does not apply.

■ Instead, the State relies on law enforcement's community caretaking function to justify the stop. The community caretaking function involves the duty of police officers to help citizens in need of assistance. *In re Clayton,* 113 Idaho 817, 748 P.2d 401 (1988). As was stated in *Cady v. Dombrowski,* 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706, 714–15 (1973):

> Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

In analyzing community caretaking function cases, Idaho courts have adopted a totality of the circumstances test. *Clayton,* 113 Idaho at 818–19, 748 P.2d at 402–03. "[T]he constitutional standard is whether the intrusive action of the police was reasonable in view of all the surrounding circumstances." *State v. Waldie,* 126 Idaho 864, 867, 893 P.2d 811, 814 (Ct.App.1995).

■ The district court found that the community caretaking function did not apply. Specifically, the district court found that at the time of the stop, Deputy Ludwig did not have a reasonable belief that the pickup occupants could assist him in his caretaking function; rather, he was just seeking information about the wreck. The State argues that the community caretaking function applies because of the need to find the possibly injured occupants of the car. The district court rejected this argument. The district court noted that Deputy Ludwig observed no blood or other signs of injury in the car and observed footprints leading from the car to the road. Additionally, the record supports the district court's finding that there was no reason to believe that the occupants could assist Deputy Ludwig in locating injured accident victims. There was substantial competent evidence to support the district court's findings. Based upon those findings, we agree with the determination that the evidence did not support stopping the pickup as a part of the community caretaking function.

## IV.

### LOCATION OF WITNESSES

■ The state also attempts to justify the stop of the pickup on the need to locate possible witnesses to the accident. Even if this Court agreed that the need to locate witnesses might provide a justification for this intrusion, the district court found that at the time of the stop Deputy Ludwig had no reasonable basis to believe that the occupants of the pickup had any information about the accident. The district court noted: "[T]he deputy testified at the hearing on February 21, 1996 that at the time he pulled them over he hadn't observed them doing anything illegal or suspicious and absolutely had no evidence that they were involved in the vehicle off the road." Instead, the only reason Deputy Ludwig stopped the pickup was that it was the first vehicle that he observed on the road. We agree with the district court that simply passing the accident site did not, by itself, provide a reasonable basis to stop the pickup in order to locate possible witnesses.

V.

## CONCLUSION

We affirm the decision of the district court granting Wixom's motion to suppress.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.