991 P.2d 878

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mayolo Cruz MIRELES, Defendant–Appellant.**

No. 25035.

Court of Appeals of Idaho.

Dec. 15, 1999.

had been several calls about a vehicle that did not belong in that neighborhood and had stopped several times with a person getting out and then going back inside. About ten minutes later, Hulse located and followed the Bronco for a quarter of a mile. The Bronco abruptly pulled over to the shoulder of the road, stopping with half of the vehicle still in the traffic lane. Hulse also pulled his patrol car over to the side of the road and then activated his emergency lights, intending to find out whether the motorist needed assistance.

Hulse approached to see whether the driver was alright, and upon looking inside the Bronco, saw six open beer bottles and six full bottles scattered about the passenger compartment. Suspecting that the driver might be under the influence of alcohol, and being unsuccessful in his attempts to have the driver roll down the window, Hulse opened the passenger side door and immediately smelled alcohol. The driver, whose Idaho ID card identified him as Mireles, admitted to being intoxicated and not possessing a valid driver's license. Mireles was then arrested for driving under the influence of alcohol (DUI).

Mireles was charged with felony DUI, I.C. §§ 18–8004, 18–8005(5). He filed a motion to suppress, asserting that Hulse lacked reasonable suspicion to stop his vehicle, and further argued that if Hulse stopped to assist him, then Hulse acted improperly by turning on his emergency lights instead of his hazard lights. The state responded that turning on the emergency lights was necessary to protect the officer from other drivers on the road.

The district court denied the suppression motion, explaining that Mireles had pulled over and stopped his car, that the stop had been voluntary and that Mireles had not been detained by Hulse. Thereafter, Mireles pled guilty to felony DUI, preserving his right to appeal the order denying his motion to suppress. We affirm.

Wiebe Fouser, Canyon County Public Defenders; Thomas A. Sullivan, Deputy Public Defender, Caldwell, for appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Mayolo Cruz Mireles pled guilty to felony driving under the influence of alcohol, I.C. §§ 18–8004, 18–8005(5). On appeal from the judgment of conviction, he argues that the district court erred in denying his motion to suppress evidence obtained after Canyon County Sheriff's Deputy Hulse stopped his patrol car, turned on his emergency lights and contacted Mireles to see if he was alright after observing Mireles abruptly pull his Ford Bronco to the shoulder of the road and park it partly in the traffic lane. For the reasons stated below, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On May 6, 1998, Canyon County Sheriff's Deputy Hulse was radioed about suspicious activity involving a vehicle, a two-toned Ford Bronco, on Rose Lane at 1:22 a.m. There

## II.

### ANALYSIS

A. **Standard Of Review**

█ Ordinarily, in reviewing a trial court's ruling on a motion to suppress, we

employ a bifurcated standard. *State v. Abeyta*, 131 Idaho 704, 708, 963 P.2d 387, 391 (Ct.App.1998). We accept the trial court's findings of fact that are supported by substantial evidence and "freely review the application of constitutional principles to the facts as found." *Id., quoting State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App.1997) (citations omitted). Here, neither party disputes the facts presented at the hearing on the motion to suppress. Thus, we exercise free review in determining whether the police encounter was one permitted under the Fourth Amendment of the Constitution. *State v. Pick*, 124 Idaho 601, 604, 861 P.2d 1266, 1269 (Ct.App.1993).

## B. Deputy Hulse's Use Of Emergency Lights Constituted A Technical Detention, But Was Reasonable Under The Circumstances And Did Not Amount To An Illegal Detention Under The Community Caretaking Function.

Mireles argues that he was seized without reasonable suspicion when Hulse stopped behind him and turned on the patrol car's emergency lights. He asserts that I.C. § 49–1404 prohibits a motorist from driving away from a police officer who has given a visual signal to stop by use of the police car's emergency lights. The district court, analogizing this case to *State v. Pick*, 124 Idaho 601, 861 P.2d 1266 (Ct.App.1993), found that Mireles had voluntarily pulled over and that Hulse had simply stopped to investigate what might be the trouble. The court then concluded that Mireles had not been detained, and thus there could be no infringement of his constitutional rights.

However, in *Pick*, this Court considered whether a seizure occurred when an officer, under circumstances similar to those presented here, had stopped to investigate and turned on the patrol car's amber lights. The officer had observed a truck weaving within its own lane. After following the truck through a parking lot and onto Highway 95, the truck pulled to the side of the road, where the officer pulled over behind the truck, activated the rear amber flashing lights, left the patrol car and spoke with Pick. As a result of that contact, Pick was arrested for DUI. Reviewing the denial of Pick's motion to suppress, we held that no seizure occurred when the officer activated the patrol car's amber flashers because, by doing so, the officer showed no sign of authority or force restricting Pick's freedom of movement other than the fact that the officer was in uniform and that he wanted to speak with Pick. 124 Idaho at 604, 861 P.2d at 1269.

Here by contrast, Hulse's act of turning on the overhead lights, although not necessarily intended to create a detention, did constitute a technical, *de facto* detention commanding Mireles to remain stopped pursuant to I.C. § 49–625. A person is seized within the meaning of the Fourth Amendment if, in view of all the circumstances, a reasonable person would have believed he or she was no longer free to leave. *State v. Waldie*, 126 Idaho 864, 866, 893 P.2d 811, 813 (Ct.App.1995). Once Hulse activated the police car's emergency lights, Mireles, assuming he was cognizant of the fact, was not free to drive away. *See* I.C. § 49–1404 (prohibiting fleeing or attempting to elude a police officer when signaled to stop by the officer's emergency lights and/or siren). Thus, the district court erroneously concluded that Mireles had not been detained.

Because Mireles was technically detained, it was incumbent upon the state to prove a proper justification for the detention. *State v. Sevy*, 129 Idaho 613, 615, 930 P.2d 1358, 1360 (Ct.App.1997). However, reasonable suspicion of criminal activity is not the only justification for a limited seizure of the person. *See, e.g., State v. Godwin*, 121 Idaho 491, 826 P.2d 452 (1992). A detention may also be reasonable under the officer's community caretaking function.

The community caretaking function involves the duty of police officers to help citizens an officer reasonably believes may be in need of assistance. *In re Clayton*, 113 Idaho 817, 818, 748 P.2d 401, 402 (1988). As was stated in *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706, 714–15 (1973):

> Local police officers, unlike federal officers, frequently investigate vehicle acci-

dents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

Regardless of which justification is used, the Constitution requires that the intrusive action of the police be reasonable in view of all the surrounding circumstances. *Waldie*, 126 Idaho at 865, 893 P.2d at 812.

The trial court viewed Hulse's conduct as consistent with the community caretaker function. In determining the scope of the community caretaking function, Idaho courts have adopted a totality of the circumstances test. *State v. Wixom*, 130 Idaho 752, 754, 947 P.2d 1000, 1002 (1997); *Clayton*, 113 Idaho at 818–819, 748 P.2d at 402–403. As one court has phrased it, "in a community caretaker case, reasonableness is determined by balancing the public need and interest furthered by the police conduct against the degree and nature of the intrusion upon the privacy of the citizen." *State v. Ellenbecker*, 159 Wis.2d 91, 464 N.W.2d 427, 429 (Ct.App. 1990), cited and quoted with approval in *State v. Godwin, supra.*

We note that jurisdictions have split on when the use of emergency lights incident to the officer's community caretaking function is reasonable. Compare, e.g., *Ellenbecker*, 464 N.W.2d at 429–30 (The activation of the patrol car lights amounted to a show of authority and created a seizure, but such was reasonable because the intrusion into the driver's privacy was minimal and incidental to providing assistance to the motorist whose car was out of gasoline on the highway at night.); with *State v. Burgess*, 163 Vt. 259, 657 A.2d 202, 203–04 (1995) (The use of emergency lights, subjectively intended solely for the safety of other vehicles of the road, was unreasonable where the defendant's vehicle was lawfully parked in a pull-off on the

side of the road and there was no evidence of a traffic law violation or commission of a crime or indication that the car was disabled or that the driver needed assistance.). The common thread in these cases is the objective test of reasonableness. While the activation of overhead emergency lights may be used to show authority, it also serves other purposes, such as warning oncoming motorists to be careful and thus providing greater safety for the officer and the citizen. *See State v. Hanson*, 504 N.W.2d 219, 220 (Minn. 1993).

█ Of the two perspectives illustrated above, the rationale for the limited intrusion in *Ellenbecker* is persuasive and appropriate in the present case. Hulse's activation of the patrol car's emergency lights was merely technical and momentary. Given his observation of the Bronco abruptly pulling over to the shoulder of the road and stopping partly in the traffic lane,[1] Hulse had reason to believe that there might be something wrong with the vehicle or the driver. Thus, Hulse was justified in stopping and inquiring into Mireles's possible need for assistance. *Cady*, 413 U.S. at 441, 93 S.Ct. at 2528, 37 L.Ed.2d at 714. The intrusion into Mireles's privacy was minimal. The balance of interests in this case strikes in favor of the public interest in motorist assistance. Hulse's activation of his patrol car emergency lights late at night, for his own protection and the protection of other drivers on the road, including Mireles, was therefore reasonable under the circumstances and did not amount to an illegal detention. We agree with the New Mexico Court of Appeals which, in a similar scenario, stated as follows:

Prohibiting the use of emergency lights in these situations would require an officer to approach a stopped car at night without an immediate means of conveying that he presents no threat to the occupant of the car. Under these circumstances, the flashing emergency lights identify the officer

---

1. The state argues that because Mireles stopped his vehicle with half of it extending into the traffic lane, a traffic stop was reasonable because the officer had witnessed a violation of I.C. § 49–659, which is an infraction pursuant to I.C. § 49–236(3). Idaho Code § 49–662 authorizes an officer who finds a vehicle in violation of § 49–659 to "move the vehicle or require the driver of other person in charge of the vehicle to move it to a position off the roadway." We do not need to reach the merits of this argument, because it is equally compatible with the state's community caretaking function theory of the case.

just as his uniform and marked patrol car do. We are loathe to discourage community caretaker stops or to make them hazardous for motorists or the police.

*State v. Walters,* 123 N.M. 88, 934 P.2d 282, 288 (Ct.App.1997).

## III.

## CONCLUSION

■ The district court correctly denied Mireles's motion to suppress, but erroneously concluded that Mireles was not detained when Hulse activated his emergency lights. Where a trial court reaches the correct result but does so upon an erroneous theory, we will affirm upon the correct theory. *State v. Werneth,* 101 Idaho 241, 243, 611 P.2d 1026, 1028 (1980). Thus, we affirm on the ground that the detention was reasonable under the totality of the circumstances and within the ambit of the state's community caretaking function.

Chief Judge PERRY, concurs.

Judge LANSING, Specially Concurring.

I concur in the foregoing opinion, but write separately to stress the narrowness of our holding, which is confined to the particular circumstances presented here. We have held that the officer's use of his emergency lights, which effectuated a seizure in the course of a community caretaking task, was reasonable for safety purposes and because the emergency lights served the further purpose of informing Mireles that the vehicle that had stopped behind him late at a night was a police vehicle. We might reach a different conclusion if this stop had occurred during the daytime when use of the patrol car's amber caution lights alone might be sufficient to alert oncoming motorists and when Mireles would have been able to see from the patrol car's markings that it was a police vehicle.