IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37292

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 363 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSEPH ANDREW CUNNINGHAM, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cheri C. Copsey, District Judge.  Hon. Kevin Swain, Magistrate.

Order of the district court reversing the magistrate's order granting motion to suppress, affirmed.

Alan G. Trimming, Ada County Public Defender; Benson Barrera, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Joseph Andrew Cunningham appeals the district court's appellate decision reversing the magistrate's order suppressing all evidence obtained following a traffic stop of Cunningham's vehicle.  Cunningham contends that the officer lacked a reasonable and articulable suspicion that Cunningham was driving in violation of any law.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute and were recounted by the district court as follows:

While traveling outbound on the Interstate 184 connecter from downtown Boise at about 2:00 a.m. on March 16, 2008, Trooper Matt Thompson, Idaho State Police, observed a car traveling slower than the flow of traffic.  Trooper Thompson began to follow the car.  Trooper Thompson testified that the car was traveling fifty miles per hour in a fifty-five mile per hour zone.  He observed that

1

the driver was subtly weaving back and forth within the line, however, never crossing any of the lines.

Trooper Thompson continued to follow the car as the connecter rounded the curve onto Interstate 84 westbound. The speed limit was now sixty-five miles per hour. After entering the sixty-five mile per hour zone, the vehicle continued to travel at fifty-five miles per hour for a short period and then gradually accelerated. It then decelerated. Trooper Thompson testified the vehicle fluctuated in speed anywhere from 50-62 miles per hour during the approximate three minutes he followed it. At times it was as much as fifteen miles under the posted speed limit. In all, Trooper Thompson followed the car for approximately three miles or three minutes. Trooper Thompson testified he noticed that although the vehicle never crossed any lines, throughout the time he followed it, the vehicle continued to subtly weave back and forth and fluctuate in speed.

Trooper Thompson testified he had ten years of experience with the Idaho State Police as a State trooper. Trooper Thompson testified he was a certified Drug Recognition Expert, certified for D.U.I. investigations, having received POST basic academy training and Idaho State Police academy training. Some of the things he had been trained to pay attention to included fluctuations in speed, driving up to ten miles under the posted speed limit, location, time of night, and weaving. Based on his training and observations, Trooper Thompson testified he believed Cunningham was driving under the influence. Trooper Thompson testified he considered the following facts:

1. the time of night (2:00 a.m.);
2. that a lot of bars in downtown Boise would have been closing with a lot of people who had consumed alcohol driving home;
3. that he observed Cunningham in an area close to the area in which people would be driving home from bars; and
4. his driving pattern (traveling up to fifteen miles under the speed limit at various times, fluctuations in his speed over a three minute period, continuous subtle weaving over that same period of time).

The officer initiated a traffic stop and, after conducting field sobriety and blood alcohol concentration tests, charged Cunningham with driving under the influence, Idaho Code § 18-8004, driving without privileges, Idaho Code § 18-8001, and failure to show proof of insurance, second offense, Idaho Code § 49-1232. Cunningham moved to suppress all evidence contending that the officer lacked a reasonable and articulable suspicion that Cunningham was driving in violation of any law. The magistrate granted the motion to suppress. The State appealed and the district court, sitting its appellate capacity, reversed the magistrate's decision. Cunningham appeals.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). Thus, this Court considers whether the district court committed error with respect to the issues presented. *State v. Loomis*, 146 Idaho 700, 702, 201 P.3d 1277, 1279 (2009). On review of a motion to suppress, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

As noted, the magistrate determined that the officer here lacked a reasonable and articulable suspicion to stop Cunningham. The magistrate noted Cunningham's reliance on *State v. Emory*, 119 Idaho 661, 809 P.2d 522 (Ct. App. 1991). In *Emory*, the officer observed Emory, at about 2:40 on a Sunday morning, stopped at a red light. When the light turned green, Emory's vehicle failed to move for five or six seconds. As to this fact, the officer testified that, from his training, forty percent of all people who make a delayed response to a traffic signal are driving

3

under the influence. In addition, when Emory's vehicle moved, it entered a narrow street with parked cars on the side. The officer testified that Emory, while driving straight within his lane, drove within a foot of the parked vehicles and upon these facts initiated the stop resulting in a DUI charge. *Id*. at 664, 809 P.2d at 525. This Court determined that the officer lacked a reasonable and articulable suspicion to stop Emory. *Id*.

The magistrate also noted the State's reliance on *State v. Waldie*, 126 Idaho 864, 893 P.2d 811 (Ct. App. 1995). In *Waldie*, this Court determined that the officer's conduct was reasonable, although on different grounds than the trial court, under the following analysis:

> The officer testified that Waldie's car was varying in speed from thirty-five to fifty miles per hour in a fifty-five mile per hour zone and was shifting from side to side in its own lane. After operating the car in this unusual manner, the driver, late at night, drove the car off the highway, brought the vehicle to a stop in a field and turned off the lights. While this observed conduct may not have amounted to a violation of the law that would have given the patrolman probable cause to arrest Waldie, it certainly was not common conduct normally expected of drivers. These observations were sufficient to create a reasonable belief that the vehicle's driver was either intoxicated and attempting to evade the patrol car by leaving the highway, or was experiencing some difficulty, such as illness, for which assistance might be needed.

*Id*. at 867, 893 P.2d at 814. The magistrate concluded that *Waldie* was distinguishable because, while Waldie, in the late evening, weaved within her own lane and varied her speed (described by the Court as driving in an "unusual manner"), as is the case here, Waldie also pulled off the highway into a field either evading the officer or exhibiting some distress.[1]

---

[1]     In *State v. Slater*, 136 Idaho 293, 298, 32 P.3d 685, 670 (Ct. App. 2001), this Court determined that the officer's observations, over several miles, of Slater's varying speeds under the posted speed limit and one-time, momentary, four to six inch cross of the fog line (a violation of I.C. § 49-603), was sufficient to provide a reasonable and articulable suspicion for the stop. The *Slater* Court, in a footnote, also commented on *Waldie* as follows:

> In *State v. Waldie*, 126 Idaho 864-865, 893 P.2d 811-812 (Ct. App. 1995), this Court explained that an officer's observation of a vehicle shifting from side to side within the lane and proceeding at varying speeds between 35 and 50 miles per hour in a 55 mile-per-hour zone gave rise to reasonable suspicion of DUI or need for assistance.

Cunningham suggests that reliance on this footnote is misplaced because the factual recitation omitted Waldie's exit from the highway and stop of her vehicle in a field.

In *State v. Flowers*, 131 Idaho 205, 209, 953 P.2d 645, 649 (Ct. App. 1998), as in *Slater*, the officer had a reasonable and articulable suspicion upon observing Flowers drive ten miles per hour under the speed limit, weaving within his own lane and crossing or touching the fog and

The district court, in reversing the magistrate, held:

> In this case, Cunningham's conduct in continuously weaving within his lane over several minutes and several miles, driving up to fifteen miles per hour *under* the posted speed limit, alternately accelerating and decelerating, coming from an area where a lot of people normally drink, and at a time when the bars were closing, provided the officer with reasonable and articulable suspicion that Cunningham was either driving impaired or engaged in another violation of the motor code -- *inattentive driving*. *See* I.C. § 49-1401(3). This case is similar to *Deen v. State*. *See Deen v. State* 131 Idaho 435, 436, 958 P.2d 592, 593 (1998).

(Emphasis in original; footnote omitted.) In *Deen v. State*, 131 Idaho 435, 958 P.2d 592, (1998), an officer observed Deen activate her right-hand turn signal and then left it flashing while she drove through three consecutive intersections without turning. Coupled with the fact that the event occurred late at night, the Court determined that the officer had a reasonable and articulable suspicion that Deen was engaged in inattentive driving in violation of I.C. § 49-1401(3), posing a risk to others who may have relied on the signaling. As in the present case, neither the officer nor the State relied on I.C. § 49-1401(3) as providing a reasonable and articulable suspicion for the stop. However, the Idaho Supreme Court stated that, since reasonable and articulable suspicion is an objective standard, it depends neither on the officer's subjective thoughts nor the bases advanced by the State. *Deen*, 131 Idaho at 436, 958 P.2d at 593. The district court held that the officer could have stopped Cunningham for inattentive driving based on the time of night, the recurring weaving, traveling substantially under the posted speed limit, and the inconsistent speed.

Although this is a very close case, we agree with the district court that, based upon the officer's observations, the officer had a reasonable and articulable suspicion that Cunningham was either impaired or that his driving posed a risk to persons or property in violation of I.C. § 49-1401(3). Cunningham drove in, as described in *Waldie*, an "unusual manner," by weaving within his lane, driving substantially under the speed limit, and driving at varying speeds. Moreover, Cunningham was observed driving in this manner late at night and consistently over a

center lines of the lane of travel. *See also*, *State v. Atkinson*, 128 Idaho 559, 560, 916 P.2d, 1284, 1285 (Ct. App. 1996) (tires touched or crossed over fog and center lines giving rise to reasonable and articulable suspicion).

5

relatively long period of three minutes or three miles. This unusual driving pattern over a long period of time supported a reasonable and articulable suspicion of inattention or impairment.

## III.

## CONCLUSION

Based upon the observed and undisputed facts, the officer had a reasonable and articulable suspicion that Cunningham was either impaired or so inattentive that his driving posed a risk to persons or property in violation of I.C. § 49-1401(3). The district court's appellate decision reversing the magistrate's granting of the motion to suppress is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**