**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43114**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 677 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSHUA ROBERT BURNS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion to suppress, affirmed; judgment of conviction and sentences for felony driving under the influence and trafficking in methamphetamine, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joshua Robert Burns appeals from his conviction for felony driving under the influence and trafficking in methamphetamine. Idaho Code §§ 18-8004, 18-8005(b), and 37-2732B(a)(4). Burns asserts that the district court erred by denying his motion to suppress and that the court abused its discretion by imposing excessive sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 1:30 in the afternoon, Sgt. Durrell responded to a report that a vehicle was parked in a private driveway with the engine running. Sgt. Durrell approached the vehicle and observed that the driver was slumped over the steering wheel, was sweating profusely, and appeared to be unconscious. The man was subsequently identified as Burns. Sgt. Durrell was able to get Burns' attention and coaxed him to unlock the door. Sgt. Durrell asked Burns about

1

alcohol and drug use. While most questions went unanswered, Burns did indicate that he had taken Seroquel but denied overdosing. Burns also responded affirmatively to a question about previously attempting suicide. Burns continued to slip in and out of consciousness throughout questioning and Sgt. Durrell called for assistance from paramedics.

While waiting for the paramedics, Sgt. Durrell removed from the car a piece of luggage located on the passenger side across from Burns and a large toiletry bag located directly behind Burns. The officer then scanned the rest of the car to make sure Burns did not have access to any weapons. When the paramedics arrived, Sgt. Durrell backed away so as to not impede access to Burns. Sgt. Durrell was not able to hear the dialogue between Burns and the paramedics. After attending to Burns for a period of time, the paramedics discussed with Sgt. Durrell concerns that Burns may have overdosed and the prospect of determining what medications he may have taken. At that time, Sgt. Durrell searched the two bags he had removed from the car and found several prescription bottles, narcotics, and paraphernalia. Burns was taken by paramedics to a hospital for medical evaluation. Burns consented to a blood draw which showed evidence of methamphetamine and other drugs.

Burns was charged with felony driving under the influence, trafficking in methamphetamine, possession of cocaine with the intent to deliver, possession of paraphernalia, and driving without privileges. Burns filed a motion to suppress the evidence obtained from the search of his car.[1] At a hearing on the motion, the district court denied Burns' motion to suppress finding that the search for medications was part of the officer's community caretaking function to find a cause for Burns' medical distress and that the intrusion was lawful. Burns entered a conditional guilty plea to driving under the influence and trafficking in methamphetamine, preserving his right to appeal the district court's decision at the suppression hearing. The district court entered a judgment against Burns and imposed concurrent unified sentences of ten years with two years determinate on the felony driving under the influence conviction, and twelve years with three years determinate on the trafficking in methamphetamine conviction. Burns timely appeals.

---

[1] Burns' motion also sought to suppress evidence obtained from a blood draw taken at the hospital. The district court found that Burns gave knowing, intelligent, and voluntary consent to the blood draw. Burns has not raised that issue on appeal.

## II.

## ANALYSIS

**A.      Motion to Suppress**

Burns argues that the district court erred where the totality of the circumstances known to the officer at the time he searched the luggage was insufficient to justify a community caretaking exception to the warrant requirement. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* A search may be reasonable under the officer's community caretaking function. *State v. Cutler*, 143 Idaho 297, 302, 141 P.3d 1166, 1171 (Ct. App. 2006). The community caretaking function arises from the duty of police officers to help citizens in need of assistance and is totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute. *Cutler*, 143 Idaho at 302, 141 P.3d at 1171; *State v. Maddox*, 137 Idaho 821, 824, 54 P.3d 464, 467 (Ct. App. 2002).

In analyzing community caretaking function cases, Idaho courts have adopted a totality of the circumstances test. *State v. Wixom*, 130 Idaho 752, 754, 947 P.2d 1000, 1002 (1997); *State v. Schmidt*, 137 Idaho 301, 303, 47 P.3d 1271, 1273 (Ct. App. 2002). The constitutional standard is whether the intrusive action of the police was reasonable in view of all the surrounding circumstances. *Wixom*, 130 Idaho at 754, 947 P.2d at 1002; *Schmidt*, 137 Idaho at 303-04, 47 P.3d at 1273-74. Reasonableness is determined by balancing the public need and interest furthered by the police conduct against the degree and nature of the intrusion upon the

privacy of the citizen. *State v. Godwin*, 121 Idaho 491, 495, 826 P.2d 452, 456 (1992); *Schmidt*, 137 Idaho at 304, 47 P.3d at 1274.

In *Cutler*, a police officer and an ambulance responded to reports of an incoherent man sitting in a vehicle parked haphazardly in front of a closed store. When the police officer arrived, medical personnel from the ambulance informed the officer that the man was extremely lethargic, but did not need any medical attention. When the ambulance departed, the officer observed a handgun on the ledge between the driver's seat and the doorsill. The officer removed the gun and removed Cutler from the vehicle. A subsequent frisk of Cutler revealed additional weapons. The officer then searched the vehicle and found methamphetamine and paraphernalia. On appeal following the denial of Cutler's motion to suppress, this Court considered Cutler's extreme lethargy, his disorientation, the haphazard manner in which he stopped his vehicle, and the possibility that he needed medical assistance. Based on those considerations, we concluded that "it was reasonable for the officer to believe that Cutler might have needed assistance. Therefore, the officer was authorized to briefly detain Cutler and ascertain whether he desired help or presented a safety risk to himself or others." *Cutler*, 143 Idaho at 304, 141 P.3d at 1173.

Burns claims that *Cutler* is distinguishable from the instant case. He argues that because the officer in *Cutler* found weapons and ammunition and the emergency medical personnel had already left the scene, it was reasonable to believe it may have been unsafe to leave Cutler in control of the vehicle and weapons. Burns asserts that Sgt. Durrell's actions were unnecessary once the paramedics arrived. He argues that there was no indication that further law enforcement assistance was needed after medical personnel began assessing Burns and that Sgt. Durrell exceeded the community caretaking role when he searched the luggage removed from Burns' vehicle.

To determine whether a search falls under the community caretaking function, we look to the officer's activities to ascertain whether the search was reasonable, based on balancing the public need and interest furthered by the police conduct with the degree and nature of the intrusion into privacy. Here, Sgt. Durrell was dispatched as a result of a 911 call and he characterized the stop as a welfare check, not a criminal investigation. Burns was slumped over the steering wheel, sweating profusely, in and out of consciousness, and confirmed having taken Seroquel as well as previously having attempted suicide. These circumstances established the possibility of a medical emergency.

4

Police officers have a duty under the community caretaking function to investigate medical emergencies. *See In re Clayton*, 113 Idaho 817, 818, 748 P.2d 401, 402 (1988) ("When [the police officer] observed the vehicle with its motor running, lights on, and the driver slumped forward, he had a duty as a police officer to investigate."). Indeed, Sgt. Durrell stated that he believed Burns was experiencing a "significant medical problem." Sgt. Durrell further stated that after encountering Burns, he did "not necessarily" think illegal drugs were involved, but did "believe that it could have been an overdose on legally prescribed medications." The public interest in preventing the type of harm which could result from an overdose of prescription medication justifies a search of Burns' luggage to ascertain the extent to which Burns needed medical assistance, as his own life could have been in peril. Further, Burns' privacy interest had already been compromised to the extent of the emergency medical personnel's intrusion. That intrusion was minimally exceeded by the officer's decision to remain at the scene and ascertain whether further assistance was needed.

This Court's finding in *Cutler* that an officer could remain on the scene and render aid to a person who paramedics have determined does not need aid is sufficiently expansive to include the continuity of the community caretaking function by an officer who is assisting paramedics still at the scene. *Cutler*, 143 Idaho at 303, 141 P.3d at 1172. At the time Sgt. Durrell searched Burns' luggage, he was still acting in furtherance of the community caretaking function. Such action was reasonable. We conclude that the district court did not err by determining that when the officer's purpose was to assist the paramedics with Burns, who was clearly suffering from a medical emergency, it was reasonable to search Burns' luggage to ascertain the source of the distress.

B.    **Sentencing**

Burns argues the district court abused its discretion by imposing excessive sentences for felony driving under the influence and trafficking in methamphetamine.[2] He supports his argument by noting that he likely could be successful in the community with rehabilitation and treatment for his mental health issues. Further, that he has very supportive parents to assist him.

---

[2]    Burns filed an Idaho Criminal Rule 35 motion requesting reduction in sentence, which the district court denied. On appeal, Burns does not contest the district court's denial of his Rule 35 motion as he did not include any new or additional information in support of the motion.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court emphasized its concern with Burns' previous history of driving under the influence and the seriousness of the trafficking conviction. It also noted that the indeterminate portions of the sentences serve the important factor of protecting the community if Burns is incarcerated and providing additional supervision in the community if he is not. The court's sentences clearly demonstrate its focus on the primary objective of protecting society and were not an abuse of discretion. Accordingly, his sentences are affirmed.

### III.

### CONCLUSION

Based on the totality of the circumstances, Sgt. Durrell was reasonable to search the luggage removed from Burns' vehicle under the community caretaking exception to the warrant requirement. The district court's order denying Burns' motion to suppress is affirmed. Burns has failed to demonstrate the district court abused its discretion by imposing excessive sentences. Accordingly, we affirm Burns' judgment of conviction and sentences.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.