**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43925**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 377 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 22, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CARA E. WILLIAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Cara E. Williams appeals from the district court's order denying her motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Cowell was dispatched to investigate a vehicle parked partially in the roadway. As Officer Cowell approached the vehicle, he activated his rear amber lights. Officer Cowell contacted the occupants of the vehicle, a male and female; asked if they needed assistance; and asked for identification. The male gave Officer Cowell his driver's license, which identified him as Cleocha Spraggins. Spraggins said they did not need assistance. The female identified herself verbally as Cara Williams.

1

Officer Cowell gave dispatch Spraggins' and Williams' information. Dispatch informed Officer Cowell that the driver's licenses for both Spraggins and Williams were suspended. Officer Cowell did not cite or arrest Spraggins or Williams, but told them to contact someone with a valid driver's license to remove the vehicle from the roadway and transport them from the scene.

Spraggins and Officer Cowell discussed people Spraggins knew in the area, and Officer Cowell ran the vehicle's identification number. Officer Cowell returned to the vehicle and asked for consent to search the vehicle, but Williams refused consent. At this point, Spraggins and Williams still had not contacted anyone.

Officers Murray and Elam arrived on the scene. Officer Cowell asked Officer Murray to request a canine unit, and Officer Murray did so. Williams became increasingly agitated, questioning the officers' authority and talking incessantly. In response, Officer Cowell read Williams her *Miranda*[1] rights. Williams said she did not understand and continued to act erratically. Officer Cowell again advised Williams of her rights and "directed her to sit down and stop talking." The canine unit arrived, and deployed a drug dog. The dog alerted on the vehicle. Officer Cowell searched the vehicle and found drug paraphernalia in Williams' purse.

The State charged Williams with possession of a controlled substance, Idaho Code Section 37-2732(c)(1); conveyance of contraband into a correctional facility, I.C. § 18-2510(3); and possession of drug paraphernalia, I.C. § 37-2734A. Williams filed a motion to suppress, arguing Officer Cowell unlawfully seized her without reasonable suspicion and extended her detention. The district court denied Williams' motion to suppress. Williams pled guilty to all three charges, reserving the right to appeal the denial of her motion to suppress. Williams timely appeals.

## II.

## ANALYSIS

Williams asserts she was seized without reasonable suspicion in violation of the Fourth Amendment.[2] She seeks to suppress all evidence resulting from the alleged illegal seizure. The

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] An investigative detention is permissible if it is based upon specific articulable facts that justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003).

standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). The test to determine if an individual is seized for Fourth Amendment purposes is an objective one, evaluating whether under the totality of the circumstances a reasonable person would have believed he was not free to leave. *State v. Henage*, 143 Idaho 655, 658-60, 152 P.3d 16, 19-21 (2007). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions, or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.*

The United States Supreme Court, in *United States v. Mendenhall*, 446 U.S. 544, 554, (1980), stated:

3

> Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

Other circumstances that may indicate a seizure include whether an officer used overhead emergency lights or took action to block a vehicle's exit route. *State v. Willoughby*, 147 Idaho 482, 487-88, 211 P.3d 91, 96-97 (2009); *State v. Schmidt*, 137 Idaho 301, 302-03, 47 P.3d 1271, 1272-73 (Ct. App. 2002); *Fry*, 122 Idaho at 103, 831 P.2d at 945.

Williams argues she "was seized, at the latest, when Officer Cowell asked one of the other officers on scene to request a drug dog." Williams asserts that up to that point, nothing suggested she was, had been, or was about to be engaged in criminal activity. Thus, she argues Officer Cowell did not have reasonable suspicion to seize her at that point.

The State responds that Williams failed to show she was seized because she did not explain why she was seized when Officer Cowell requested a canine unit or assert she was seized at any other point. The State argues Williams was not seized when Officer Cowell requested a canine unit because, up to and including that point, Officer Cowell gave Williams permission to leave the scene and never used physical force or a show of authority to restrain her liberty. Because Williams failed to demonstrate that she was seized, the State asserts Williams did not show error in the denial of her motion to suppress and this Court need not consider whether Officer Cowell had reasonable suspicion.

In reply, Williams argues the district court found that she was seized when Officer Cowell requested a canine unit.[3] Williams further argues that if she was not seized at that point, "[s]he was surely seized" when Officer Cowell read Williams "her *Miranda* rights and 'directed her to sit down and stop talking.'"

Williams did not argue, until her reply brief, that the district court found she was seized when Officer Cowell requested a canine unit or that Officer Cowell seized her when he told her to sit down and stop talking. A reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Accordingly, "this Court will not

---

[3] The district court stated: "[Officer] Cowell asked [Officer] Murray to contact a [canine unit] to respond to the scene. [Officer] Cowell testified that up until this point, Spraggins and Williams were free to leave."

consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). Because Williams did not argue, until her reply brief, that the district court found she was seized when Officer Cowell requested a canine unit[4] or that Officer Cowell seized her when he told her to sit down and stop talking, she has waived consideration of these arguments.

Accordingly, we focus only on the bare argument Williams raised in her initial brief: that she was seized without reasonable suspicion when Officer Cowell requested a canine unit. An objective view of the totality of the circumstances indicates that she was not seized up to and at that point. Officer Cowell contacted Spraggins and Williams because Spraggins' vehicle was parked partially in the roadway. Officer Cowell did not block the vehicle and used his rear amber lights instead of his overhead emergency lights. Officer Cowell was the only officer at the scene throughout the initial encounter and did not display his weapon, make any physical contact, or use a tone of voice indicating compliance with his requests might be compelled. Officer Cowell lawfully asked Spraggins and Williams if they needed assistance and for identification. Williams cannot claim she was seized as the result of Officer Cowell taking or retaining her driver's license because she did not provide her driver's license to Officer Cowell. Importantly, Officer Cowell did not cite or arrest Spraggins or Williams and in fact indicated to them that they were free to leave. Because their driver's licenses were suspended, Officer Cowell told Spraggins and Williams to contact someone with a valid driver's license to transport them from the scene. The failure of Spraggins and Williams to leave the scene and Officer Cowell's presence at the scene did not convert the initial, consensual encounter into a seizure. Officer Cowell's request for a canine unit also did not convert the initial, consensual encounter into a seizure. Officer Cowell's request cannot reasonably be interpreted as physical force or a show of authority that restrained Williams' liberty. That request was not directed at Williams

---

[4]     Even if Williams had properly made this argument in her initial brief, the district court's statement does not establish that Officer Cowell seized Williams when he requested a canine unit. The court stated: "[Officer] Cowell asked [Officer] Murray to contact a [canine unit] to respond to the scene. [Officer] Cowell testified that up until this point, Spraggins and Williams were free to leave." The court only recited Officer Cowell's testimony without making an explicit finding regarding whether a seizure occurred. Because an officer's subjective beliefs are immaterial to whether a seizure has occurred under the Fourth Amendment, the district court's recitation of Officer Cowell's subjective beliefs does not establish that the district court found there was a seizure when Officer Cowell requested a canine unit.

and did not withdraw Officer Cowell's earlier indication that Spraggins and Williams were free to leave. There is no indication in the district court's findings that Williams was even aware of Officer Cowell's direction to call a canine unit. Thus, that act did not bear upon the consensual nature of his interaction with Spraggins and Williams. Because Williams failed to show she was seized and the totality of the circumstances indicates she was not seized when Officer Cowell requested a canine unit, we need not consider whether Officer Cowell had reasonable suspicion.

## III.

## CONCLUSION

Williams failed to show she was seized and the totality of the circumstances indicates she was not seized when Officer Cowell requested a canine unit. The district court's order denying Williams' motion to suppress is affirmed.

Judge MELANSON and Judge HUSKEY **CONCUR**.